OPINION
PER CURIAM.
Judith Dorfman appeals from the district court’s grant of summary judgment in favor of appellees in her employment discrimination action. For the following reasons, we will affirm the district court’s judgment.
I. Background
The Pine Hill Board of Education (“Pine Hill”) hired Dorfman as a music teacher at John H. Glenn School in New Jersey starting in 2001 and her contract was renewed for each of the next two years. At the time of her hiring, Dorfman was fifty-six years old and her principal and performance evaluator was Mark Durand. Du-rand retired at the end of the 2002-2003 school year. At the end of the 2003-04 school year, upon the recommendation of her new principal, Cynthia Guarracino, and the superintendent Dr. Kenneth Koczur, Dorfman’s contract was not renewed for a third year and she did not receive tenure.[1] When Guarracino called Dorfman into the principal’s office to discuss the non-renewal, Koczur allegedly told her that there was a problem with her “fit” at the school. (SuppApp. at 60.) Pine Hill replaced Dorfman with a teacher who is eleven years younger.
On June 30, 2006, Dorfman filed a law suit alleging age-discrimination in violation of the New Jersey Law Against Discrimination (“NJLAD”), N.J. Stat. Ann. § 10:5-12(a). Dorfman alleged that Pine Hill did not renew her contract because of her age in violation of the NJLAD, and she alleged that Koczur and Guarracino aided and abetted this violation. She also alleged that she was subject to harassment because of her age. Appellees moved for summary judgment, arguing that Dorfman was not offered renewal because of her negative performance evaluations. The district court granted the motion and Dorfman filed a timely notice of appeal.
II. Jurisdiction and Standard of Review
The district court had jurisdiction to entertain this matter under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the district court’s grant of summary judgment. Alaska Elec. Pension Fund v. Pharmacia Corp., 554 F.3d 342, 346 (3d Cir.2009). On review, we apply the same standard as the district court. United States ex rel. Kosenske v. Carlisle HMA Inc., 554 F.3d 88, 95 (3d Cir.2009). Thus the district court properly granted summary judgment if “viewing the record in the light most favorable to the non-moving party and drawing all inferences in that party’s favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Id. (citations omitted).
*827 III. Analysis
A. Non-Renewal of Contract
Dorfman argues that appellees violated the NJLAD because they did not renew her contract based on impermissible motives, namely her age. The NJLAD applies a three-step burden shifting test which initially requires the employee to establish a prima facie case. See Zive v. Stanley Roberts, Inc., 182 N.J. 436, 867 A.2d 1133, 1139 (2005). After the plaintiff satisfies her burden, the employer must “articulate some legitimate, nondiseriminatory reason for the employee’s” firing. Erickson v. Marsh & McLennan Co., 117 N.J. 539, 569 A.2d 793, 798 (1990) (citation omitted). In the final step, the employee must demonstrate that the employer’s reason was not the true reason for the employment decision, but was a pretext for discrimination. Id. at 799.
Like the district court, we will assume that Dorfman established a prima facie ease inasmuch as she is a member of a protected class, Pine Hill did not renew her contract, and it replaced her with a similarly qualified person. See Gerety v. Atl. City Hilton Casino Resort, 184 N.J. 391, 877 A.2d 1233, 1237 (2005) (citation omitted) (listing requirements for a prima facie case of discrimination). The district court held that appellees met their burden at the second step by pointing to Dorfman’s negative performance evaluations as a legitimate non-discriminatory reason for not renewing her contract. Specifically, the evaluations noted that Dorfman needed to improve her classroom management skills.
Dorfman asserts that the district court’s finding at the second step is erroneous because the defendants failed to produce written evaluation policies and procedures as required by N.J. Admin. Code § 6A:32-4.5. Dorfman, however, did not seek to compel the production of any written policies and procedures during discovery and therefore cannot now blame appellees for failing to produce them. In any event, Dorfman’s argument that a genuine issue of material fact exists as to whether appellees’ practices and policies comported with the requirements of New Jersey’s administrative code is meritless. (Appellant’s Br. at 2) (citing Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1040 (7th Cir.1993)). In Sarsha, the employer fired the employee for violating a policy prohibiting managers from dating subordinates. Sarsha, 3 F.3d at 1039. The Court held that there was a genuine issue of material fact concerning whether an official dating policy existed. Id. at 1040. Here, appellees did not renew Dorfman’s contract because of her deficiency in classroom management skills as reflected in her performance evaluations and not for violation of a school policy. Therefore, this argument must fail.
Next, Dorfman contends that a genuine issue of material fact exists as to whether appellees’ explanation at the second step was a pretext for age-based animus. An employee may show pretext in two ways: 1) by discrediting the employer’s proffered reasons, either circumstantially or directly, or 2) by producing evidence, either circumstantial or direct, showing that discrimination was more likely than not the motivating or determinative cause of the adverse employment action. See Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir.1994); see DeWees v. RCN Corp., 380 N.J.Super. 511, 883 A.2d 387, 396-97 (N.J.Super.Ct.App.Div.2005) (noting New Jersey courts’ adoption of the standard in Fuentes). We agree with the district court that Dorfman has failed on both fronts.
First, Dorfman points to evaluations that Durand performed which praised her classroom management skills. Even those earlier evaluations, however, note that she needed to secure the attention of all the *828 students before beginning an activity and needed to improve her classroom disciplinary procedures. (Supp.App. at 234, 239.) Dorfman also argues that Koczur’s statement that she was not a good “fit” suggests an inference of age-based discrimination. (Appellant’s Br. at 4-5) (citing Greene v. Safeway Stores, Inc., 98 F.3d 554, 561 (10th Cir.1996)). In Greene, the supervisor’s statement that an older employee did not “fit in with the new culture” was made against the backdrop of eight top-level executives being replaced by younger persons. Greene, 98 F.3d at 560-61. Here, Dorfman has not presented background evidence suggesting a pattern of contract non-renewals based on age. Indeed, as the district court noted, of the six teachers whose contracts were non-renewed while Koczur was Superintendent at Pine Hill, three were replaced by older teachers and two were replaced by teachers less than two years younger. Cf. Greenberg v. Camden County Vocational & Technical Schs., 310 N.J.Super. 189, 708 A.2d 460, 469 (N.J.Super.Ct.App.Div.1998) (plaintiff established age-based pretext, in part, based on evidence that all female teachers over the age of forty-five were terminated while all younger teachers similarly situated were retained.) Therefore, Dorfman has not shown that by using the word “fit” Koczur was suggesting any age-based animus.
Other circumstantial evidence Dorfman cites also does not establish that appellees’ motives were pretextual. In her deposition, Dorfman recounted an incident in which Guarraeino asked the faculty to bring in pictures of themselves for placement on the school bulletin board. Dorfman showed Guarraeino several photos, some of them taken when Dorfman was younger. Guarraeino then allegedly commented that several of the older teachers were bringing in photos of themselves when they were “younger and more glamorous.” (Appellant’s Br. at 7.) In light of the negative performance evaluations, however, this incident alone could not lead a reasonable jury to believe that age was more likely than not a motivating or determinative cause of Pine Hill’s decision not to renew Dorfman’s contract. Fuentes, 32 F.3d at 765 (“non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer’s proffered legitimate reasons ... [to] infer ‘that the employer did not act for [the asserted] non-discriminatory reasons.’ ”)
Dorfman further argues that her replacement, Rosemary McDevitt, was not as qualified as she was, and, therefore, Pine Hill’s decision to hire her presents strong circumstantial evidence of discrimination. Though McDevitt is slightly less experienced and does not possess credits towards a master’s degree, as Dorfman does, her resume reflects that she is qualified for a position of music teacher. (SuppApp. at 281.) We agree with appellees that hiring a qualified candidate with less experience in light of Dorfman’s job performance deficiencies does not constitute evidence of discrimination.
Dorfman urges us to consider the “overall scenario” of the incidents. (Appellant’s Reply Br. at 1) (citing Bray v. Marriott Hotels, 110 F.3d 986, 991 (3d Cir.1997)). Even considering the totality of circumstances, however, Dorfman has failed to show that a reasonable jury could find that age discrimination was a determinative factor in appellees’ decision not to renew her contract. Fuentes, 32 F.3d at 764.
B. Harassment
Dorfman claims that appellees’ conduct created a hostile work environment in violation of the NJLAD. In order to establish harassment, an employee must show that the employer’s conduct: 1) would not have occurred but for the em *829 ployee’s protected characteristic; and the conduct was 2) severe or pervasive enough to make a 3) reasonable person believe that 4) the conditions of employment are altered and the working environment is hostile or abusive. Lehmann v. Toys R Us, Inc., 132 N.J. 587, 626 A.2d 445, 453 (1993). In support of this claim, Dorfman points to Guarracino’s comments about the photos and a statement that she (Guarracino) should get combat pay for working with her secretary who was 62 years old. Dorfman also cites other incidents, namely Guarracino’s failure to compliment her students over the public address system for their performance at a senior citizen’s luncheon, her failure to advertise the spring concert and subsequent audio-visual difficulties at the same concert. Further, Dorfman points to the involuntary transfer of two teachers to “another assignment.” (Appellant’s Br. at 12.) Except for possibly the comments about the photographs, there is no evidence that any of these incidents were a result of age-based animus on the part of appellees. Even if the incidents were a result of age-based animus, no reasonable jury could find that Dorfman’s working environment was hostile or abusive. Therefore, the district court properly granted summary judgment for the appellees on this claim.
C. Mixed-Motive
Finally, Dorfman argues that district court failed to analyze her claims under the “mixed motive theory.” (Appellant’s Br. at 12.) Under that theory, when an employee produces evidence that an employer placed substantial reliance on a proscribed discriminatory factor in making the adverse employment decision, the burden of persuasion shifts to the employer to prove that even if it had not considered the proscribed factor, the employment action would have occurred. McDevitt v. Bill Good Builders, Inc., 175 N.J. 519, 816 A.2d 164, 168 (2003). The district court did not err in this regard, however, because Dorfman did not produce any evidence that appellees placed substantial reliance on her age in deciding not to renew her contract.
IV. Conclusion
For the foregoing reasons, we will affirm the judgment of the district court.

. At various points in the record, Guarracino is referred to as “Cynthia Reid;” we will refer to her as Guarracino.